FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2008 JAN 14  PM 2: 19

ELMER MARSHALL,

    Plaintiff,

vs.                          Case No. 2:05-cv-254-FtM-SPC

TOMMIE R. DOUBERLEY; TOM LEVINS; SAM
GOODMAN; R.H. HOUSTON; R.W. JAMES;
M.R. REYFF,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court upon periodic review of the file. In accordance with Rule 73 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct the proceedings in this case. See Doc. #91. On December 10, 2007, the District Court ordered this case referred to the undersigned. See Doc. #93.

I.

On May 27, 2005, Plaintiff, who is proceeding *pro se* and currently incarcerated within the Florida Department of Corrections, filed a civil rights Complaint form pursuant to 42 U.S.C. § 1983 alleging constitutional violations arising from a disciplinary hearing at Moore Haven Correctional. Complaint at 8. Plaintiff names the following individuals as Defendants: Tommie R. Douberley (warden), Tom Levins (assistant warden), Sam Goodman

(Inspector/Grievance Administrator), R.H. Houston (captain), R.W. James (CPO), M.R. Reyff (lieutenant).

The Complaint alleges the Defendant Reyff wrote Plaintiff a false disciplinary report in retaliation because Plaintiff "has a civil matter pending against one of the defendants in this case and their colleagues in the Glades County Court." Id. at 8-10. After Defendants James and Houston, with Plaintiff in attendance, conducted a hearing regarding the disciplinary report, the committee members found Plaintiff guilty of threatening jail staff members. Id. at 10, 14. Specifically, the committee found Plaintiff guilty as charged because a confidential informant, who was a "very reliable source" with direct knowledge of the incident, informed Defendant Reyff that Plaintiff intended to "kill Ms. Stutler when she came in the room to shake down" and would kill any male officers first since "'he knew military skills to do so.'" Id. Plaintiff attaches a copy of the disciplinary report hearing information dated February 10, 2005, indicating that Plaintiff was given thirty days disciplinary confinement and a thirty-day loss of gain time as a result of the committee's finding of guilt. Id. at 14.

Plaintiff appealed the result of the disciplinary hearing to the warden alleging that the disciplinary committee relied in error on a single informant's allegations to support a finding of guilt in violation of Fla. Admin. Code 33-601.307. Id. at 15. Further, Plaintiff alleged that the informant was a "gunner" who was

-2-

attempting to seek "favor with female staff members." Id. at 16. Plaintiff received a response dated March 3, 2005, denying his grievance, which was signed by the warden and assistant warden. Id. at 17. The response states that the fact that Plaintiff assumes he knows the identity of the confidential informant supports the disciplinary committees's finding of guilt. Further, the response notes that the confidential informant has a documented history of providing reliable information to the jail. Id. Plaintiff's appeal to the Secretary of the Department of Corrections was also denied. Id. at 19.

The only facts in the Complaint regarding Defendants Goodman, Douberley, and Levins are as follows. Defendant Goodman, the grievance administrator and inspector, "had the opportunity to correct the illegal finding." Id. at 10. Defendants Douberley and Levins, "as warden and assistant warden, respectively, are charged with insuring all staff are familiar with rules and regulations of the department of corrections . . . Mr. Douberley and Mr. Levins had the final say and are liable for the actions of their subordinates." Id. at 11. As relief, Plaintiff seeks a declaratory judgment "stating that the defendants violated the plaintiff's rights", "quash . . . the disciplinary report," and damages totaling $825,000.00. Id. at 12.

II.

The Court granted Plaintiff's motion to proceed *in forma pauperis* and the U.S. Marshal effectuated personal service of process on the Defendants. Instead of filing a Motion to Dismiss, Defendants filed Answers and Affirmative Defenses on February 21, 2006. See Defs' Answers and Affirmative Defenses at Docs. #36-#41. On February 28, 2007, Defendants filed a "Motion for Summary Judgment." Defs' Motion at Doc. #65. Plaintiff filed a Response to the Defendants' motion on March 16, 2007, and attached certain sections of the Florida Administrative Code regarding disciplinary reports and records.[1] Pl's Response at Doc. #66. On April 30, 2007, the Court entered an Order denying Defendants' motion as moot because they had already filed their Answers and Affirmative Defenses.[2] See Order of Denial at Doc. #69.

III.

Pursuant to § 1915(e)(2)(b)(i)-(iii), the Court **shall** dismiss a case "at any time" if the Court determines that the action is

---

[1] The copy of the disciplinary committee report Plaintiff attaches in response to Defendants' Motion for Summary Judgment is not related to the incident in the Complaint. Instead, this particular disciplinary report pertains to a January 30, 2005, incident, which is a few days prior to the February 2, 2005, incident raised in the Complaint. The relevant disciplinary report is attached to Plaintiff's Complaint.

[2] Although Defendants' motion was titled a "motion for summary judgment," the Court noted that Defendants referred to their three-page motion as a "motion to dismiss" and referred only to the facts as alleged in the complaint. See Order of Denial at Doc. #69. The motion did not include a memorandum of law.

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

A complaint filed *in forma pauperis* that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal for frivolity is whether the claim lacks arguable merit either in law or fact. <u>Id.</u> at 325; <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," <u>Nietzke</u>, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. <u>Bilal</u>, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled on other grounds by</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Burch v. Apalachee Community</u>

-5-

Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

IV.

The Court finds that the Complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(b)(e)(2)(B)(ii). Assuming for purposes of review that Plaintiff could prove a due process violation arising from the Defendants' failure to properly follow the procedures required in a disciplinary hearing, the Complaint must nonetheless be dismissed for failure to state a claim. A claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in prison, cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis added).

The United States Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, 643-649 (1997); Roberts v. Wilson, 2007 WL 4336446 (11th Cir. 2007)(affirming district court's § 1915(e)(B)(2)(ii) dismissal of an action pursuant to Heck when plaintiff alleged deprivations of his due process rights during a disciplinary hearing, but never had the disciplinary adjudication invalidated).

The plaintiff in Balisok initiated a § 1983 action alleging deceit and bias on the part of the decisionmaker during the jail's disciplinary hearing which violated his due process rights. Id. at 1589. The district court, applying Heck, stayed the action pending Plaintiff's state-court action for restoration of the good-time credits. Id. at 1587. The Ninth Circuit Court of Appeals reversed the district court, holding that "a claim challenging only the procedures employed in a disciplinary hearing is always cognizable under § 1983." Id. at 1587. The Supreme Court, however, reversed the Ninth Circuit, holding that the plaintiff's claim was not cognizable under § 1983 because a finding in favor of the plaintiff would "necessarily imply the invalidity of the punishment imposed." Id. at 1589.

Here, Plaintiff's claim that his due process rights were violated when Defendant Reyff issued a false disciplinary report and then erroneously relied on one confidential informant during the disciplinary hearing, if proven, would necessarily imply the invalidity of the subject disciplinary action. Plaintiff has not shown that the disciplinary report was expunged, reversed, invalidated, or called into question by the issuance of a federal writ of habeas corpus, thus he cannot state a § 1983 action relating to his underlying charge consistent with Heck. Heck, 512 U.S. 486-87; *compare with* Muhammad v. Close, 540 U.S. 749, 754-55 (2004) (holding that a plaintiff's § 1983 challenge of a six-day pre-hearing confinement and not the conviction, disciplinary action, or expungement of the misconduct was not barred by Heck because it was not "construed as seeking a judgment at odds with his conviction".) In Muhammad, unlike in this case, a finding that the pre-hearing detention violated the Plaintiff's Constitutional rights would not have undone the result of the disciplinary hearing).

Plaintiff specifically references a January 2005 disciplinary report and states that the jail quashed the January report. Complaint at 10. However, the January 2005 disciplinary report concerned Plaintiff's non-compliance with an officer's orders. See Id. at 10, Doc. #66, Exh. P. The incident in the Complaint *sub judice* occurred February 2, 2005, for which a disciplinary hearing

took place February 10, 2005. The February 2, 2005, incident concerned Plaintiff's alleged threat to kill jail staff.[3] Because the February, 2005, disciplinary finding concerning the threat to staff does not satisfy the Heck standard, Plaintiff's § 1983 Complaint cannot proceed. See Heck, 512 U.S. at 487 (noting that complaint must be dismissed as not cognizable under § 1983 when the challenged conviction or sentence has not been invalidated).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Complaint (Doc. #1) is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court shall: (1) terminate any pending motions and deadlines; (2) enter judgment accordingly; (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __14th__ day of January, 2008.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

SA: alj
Copies: All Parties of Record

---

[3] Plaintiff should note that the Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999).